# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed:  June 29, 2026

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
REBECCA FELLOWS,                      *
                                      *
            Petitioner,               *       No. 23-1636V
                                      *
v.                                    *       Special Master Young
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Dorian Hurley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 22, 2023, Rebecca Fellows ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") and brachial neuritis that was either caused-in-fact or significantly aggravated by an influenza ("flu") vaccine she received on September 28, 2022. *Id*. at 1. On January 14,2026, the parties filed a joint stipulation, which I adopted as my decision awarding compensation that same day. ECF No. 43.

On February 18, 2026, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 47. Petitioner requests total attorneys' fees and costs in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$57,746.60, representing $42,439.70 in attorneys' fees and $15,306.90 in attorneys' costs. *Id*. at 2. Pursuant to General Order No. 9, Petitioner states that she did not personally incur any expenses related to the prosecution of her petition. *Id*. at 2. Respondent responded to the motion on March 4, 2026, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4 ECF No. 48. Petitioner did not file a reply thereafter. This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.      Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1,

2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

I have reviewed the hourly rates requested by Petitioner for the work of her counsel at Muller Brazil, LLP (the billing records indicate that the majority of attorney work was performed by Mr. Maximillian Muller, with supporting work from his paralegals). The rates requested for all time billed from 2022, through 2026 are consistent with what counsel and support staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein. *See* Pet'r's Mot. for AFC Ex. A.

### B.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. However, I have identified several billing entries reflecting tasks considered administrative in nature. *See* Pet'r's Mot. for AFC Ex. A. The non-compensable tasks include bate-stamping exhibits, preparing exhibits for filing, and e-filing documents.[4] It is well established in the Program that secretarial or administrative tasks should not be billed at all, regardless of who performs such task. See, e.g., McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Accordingly, these tasks will not be reimbursed, resulting in a reduction of **$1,465.60.**

Petitioner is therefore awarded final attorneys' fees in the amount of $40,974.10.

### C.    Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,306.90 in attorneys' costs comprised of acquiring medical records, postage, and the the Court's filing fee. *See* Pet'r's Mot. for AFC Ex. B. This amount is also comprised of expert services provided by Todd Michener, M.D. for 14.5 hours at $500.00 per hour, totaling $7,500.00,

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] The following dated billing entries are considered administrative in nature based on the proffered description of E-filing and bate-stamping documents, and/or preparing exhibits for filing: 9/22/23, 9/26/23 (two entries); 6/5/24, 7/30/24 (two entries), 9/11/24 (two entries), 10/1/24, 12/4/24, 12/17/24 (two entries), 1/9/25 (two entries), 2/25/25 (three entries), 3/14/25 (two entries), 4/21/25, 6/4/25, 6/5/25 (three entries), 7/11/25 (two entries), 8/18/25 (two entries), 8/25/25 (two entries), 8/28/25, 9/15/25 (two entries), 9/26/25, 11/21/25 (two entries), 1/12/26, 1/15/26, 1/19/26, totaling $1,465.60 in non-compensable charges. See Pet'r's Mot. for AFC Ex. A at 6-18.

and by John D. Hixson, M.D. for 14.75 hours at $500 per hour, totaling $7,375.00. Pet'r's Mot. for AFC, Ex. B at 21, 23. Petitioner has provided adequate documentation for all claimed expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $42,439.70 |
| (Reduction of Fees) | ($1,465.60) |
| **Total Attorneys' Fees Awarded** | **$40,974.10** |
| | |
| Attorneys' Costs Requested | $15,306.90 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,306.90** |
| | |
| **Total Attorneys' Fees and Costs** | **$56,281.00** |

**Accordingly, I award Petitioner a lump sum in the amount of $56,281.00, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.